IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN STEWART, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FARNHAM FIBER OPTICS LLC, )<br>and STEVEN C. FARNHAM, )<br>)<br>Defendants. ) | Civil Action File<br>No. 22-2431 |

# COMPLAINT

Plaintiff Benjamin Stewart, by and through counsel, files this Complaint against Defendants Farnham Fiber Optics LLC, ("Farnham Fiber Optics") and Steven C. Farnham, ("Farnham") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff overtime wages during the period January 2022 through May 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Western District of Tennessee pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff Benjamin Stewart is a resident of Ohio.

4. Farnham Fiber Optics is a Wisconsin corporation with its principal office address on file with the Wisconsin Secretary of State as 2425 Wind Cliff Dr, Eads, TN 38028.

5. Farnham Fiber Optics's registered agent for service of process is United States Corporation Agents, Inc., 2761 Allied St, Floor 1st, Green Bay, WI 54304.

6. Farnham Fiber Optics had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

7. Farnham Fiber Optics's employees, including Plaintiff, engaged in interstate commerce and/or in the production of goods for interstate commerce.

8. Farnham Fiber Optics's employees, including Plaintiff, travel to multiple states on their jobs.

9. At all relevant times, Defendant Farnham was the owner, general manager, and/or primary decision maker for Farnham Fiber.

10. Defendant Farnham can be served at 2425 Wind Cliff Dr, Eads, TN 38028.

11. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

12. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

13. Plaintiff was employed by Defendants as a fiber splicer.

14. At all times during his employment, Plaintiff was a non-exempt employee of Defendants.

15. At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

16. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**A. Defendant Farnham is Individually Liability for the FLSA Violations.**

17. At all relevant times, Defendant Farnham was the owner, general manager, and/or primary decision maker for Defendant Farnham Fiber Optics; had control and direction over workplace conditions, operations, personnel, and

compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

18. At all relevant times, Defendant Farnham, as an owner, general manager, and/or primary decision maker for Defendant Farnham Fiber Optics, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

19. At all relevant times, Defendant Farnham exercised sufficient control over Plaintiff to cause Defendant Farnham to be individually liable for the FLSA violations.

**B. Plaintiff's Employment with Defendants.**

20. Defendants hired Plaintiff in approximately January 2022.

21. Plaintiff's employment with Defendants ended in approximately May 2022.

22. Plaintiff was employed as a fiber splicer and his job duties included joining together fiber optic cables to expand telecommunications networks into new areas or to replace existing lines.

23. In performing his job duties for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

24. In performing his job duties for Defendants, Plaintiff did not direct or supervise the work of any employees.

25. In performing his job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

26. In performing his job duties for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

27. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

28. In performing his job duties for Defendants, Plaintiff was required to use a highly specialized machine owned and supplied by Defendants.

29. In performing his job duties for Defendants, Plaintiff was often required to travel during normal working hours to and from job sites that were outside the normal commute.

30. When traveling to job sites, Defendants paid for all of Plaintiff's travel expenses including but not limited to fuel and lodging.

**C. Plaintiff's Unpaid Overtime.**

31. Defendants paid Plaintiff a flat weekly salary regardless of the amount of hours Plaintiff worked.

32. While Plaintiff's schedule varied, he regularly worked in excess of 40 hours per workweek.

33. Defendants denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

34. Plaintiff was not paid for travel to and from work that was not normal travel and not incident to employment, and was outside the normal commute.

35. Plaintiff was not paid for travel during normal workday hours to locations outside his home community.

36. Defendants willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

37. Defendants failed to maintain records of hours that Plaintiff worked.

38. Upon Plaintiff's termination, Defendants withheld Plaintiff's last pay check.

39. Upon Plaintiff's termination, Defendants failed to return Plaintiff's personal effects and tools.

40. Defendants promised to pay Plaintiff reimbursement for purchasing of gas and materials related to projects.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

41.     Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

42.     At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

43.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

44.     At all relevant times, Defendants were an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

45.     Defendant Farnham Fiber Optics had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

46.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

47.     The foregoing conduct, as alleged, constitutes a willful violation of the

FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

48. Plaintiff suffered damages due to Defendants' willful misconduct.

49. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 1, 2022.

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Andrew Lampros
Tenn. BPR # 020167
Gordon Van Remmen
Ga Bar No. 215512
Admitted to practice in WDTN

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
alampros@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*