IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BENJAMIN STEWART, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 2:22-cv-02431-SHM/atc |
| FARNHAM FIBER OPTICS, LLC, AND STEVEN C. FARNHAM, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff Benjamin Stewart's Motion for Default Judgment (the "Motion"). (ECF No. 51). For the reasons that follow, the Motion is GRANTED.

## I.    Background

On July 1, 2022, Plaintiff filed a Complaint against Defendant Farnham Fiber Optics, LLC ("Farnham Fiber Optics") and Defendant Steven Farnham ("Farnham") alleging unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (the "FLSA"). (ECF No. 1.)

Defendants were properly served on July 19, 2022, and July 22, 2022. (ECF Nos. 7-8.) Defendants were initially represented and filed a joint Answer and Counterclaim on March 3, 2023. (ECF No. 24.) Counsel for Defendants withdrew on May 8, 2023.

(ECF Nos. 30, 31.) Defendant Steven Farnham elected to proceed *pro se.* (ECF No. 34.) Defendant Farnham Fiber Optics, LLC has not retained new counsel. (Id.)

On July 14, 2023, Plaintiff served discovery requests on Defendants. (ECF No. 40.) On February 5, 2024, after Defendants had failed to respond, Plaintiff filed a Motion to Compel, which was referred to the Magistrate Judge. (ECF Nos. 41-42.) On March 6, 2024, the Magistrate Judge entered an Order to Show Cause, ordering Defendants to respond to Plaintiff's discovery requests and the Motion to Compel by March 30, 2024. (ECF No. 44.) Defendants did not respond. On May 7, 2024, the Magistrate Judge granted Plaintiff's Motion to Compel, requiring Defendants to respond to Plaintiff's discovery requests by May 21, 2024. (ECF No. 45.) Defendants again failed to respond. On May 29, 2024, the Court held a status conference. (ECF No. 47.) Only Plaintiff's counsel appeared. (Id.)

On June 12, 2025, Plaintiff filed a Motion for Entry of Default against Defendants. (ECF No. 48.) On August 14, 2025, the Court granted the Motion and entered default against Defendants for failure to "otherwise defend" the case. (ECF No. 49.)

On September 29, 2025, the Court entered an order administratively closing the case, without prejudice to any party to move to reopen. (ECF No. 50.)

2

On October 1, 2025, Plaintiff filed the instant Motion for Default Judgment. (ECF No. 51.) In his Motion, Plaintiff seeks an entry of default judgment against Defendants and an award of unpaid wages, liquidated damages, and attorney's fees and costs. (ECF No. 51 at 16.) The Motion is unopposed.

## II.  Standard of Review

Federal Rule of Civil Procedure 55 governs default and default judgments. Fed. R. Civ. P. 55. After the Clerk of Court enters default against a defendant pursuant to Federal Rule 55(a), a plaintiff may seek default judgment against that defendant pursuant to Federal Rule 55(b). Fed. R. Civ. P. 55(b). On entry of default by the Clerk, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint addressing liability. Long v. Morgan, 451 F. Supp. 3d 830, 832–33 (M.D. Tenn. 2020) (citing In re Family Resorts of America, Inc., 1992 WL 174539, 972 F.2d 347, at *4 (6th Cir. July 24, 1992) (table)). Allegations about damages or stating legal conclusions are not deemed admitted. HICA Educ. Loan Corp. v. Lackie, No. 11-2894, 2013 WL 633216, at *2 (W.D. Tenn. Feb. 20, 2013) (citations omitted).

A plaintiff seeking a default judgment must meet several procedural obligations. Hames v. SunTrust Bank, No. 2:18-cv-02121-SHM-cgc, 2019 WL 4248892, at *2 (W.D. Tenn. Sept. 6, 2019) (citing Broadcast Music, Inc. v. Marler, No. 1:09-cv-193,

2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009)). The plaintiff must: (1) properly serve the defendant with process; (2) seek entry of default by demonstrating that the defendant has failed to answer the complaint or otherwise defend the action; (3) submit an affidavit stating that the defendant is not a minor or an incompetent person; (4) submit an affidavit stating whether the defendant is in military service, or that plaintiff is unable to determine whether the defendant is in military service;[1] and (5) serve the defendant with notice of the motion for default judgment if the defendant has entered an appearance. Hames, 2019 WL 4248892, at *2 (citing Marler, 2009 WL 3785878, at *4).

A defendant's default and a plaintiff's satisfaction of the procedural requirements do not automatically entitle a plaintiff to a default judgment. See Kwik-Sew Pattern Co. v. Gendron, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) (citations omitted). "In order to rule upon plaintiff's motion, the Court must determine whether the factual allegations in the complaint deemed admitted by defendant's default . . . are sufficient to satisfy the elements of [plaintiff's] legal claims for which [plaintiff] seek[s] default judgment." Harbold v. Smash Restro & Bar, LLC,

---

[1] The Servicemembers Civil Relief Act (the "SCRA"), 50 U.S.C. § 3931(b)(1).

4

No. 5:22-cv-1583, 2023 WL 4085309, at *2 (N.D. Ohio June 20, 2023) (citing Zinganything, LLC v. Imp. Store, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016)). "[A] court may not enter default judgment upon a legally insufficient claim." Kwik-Sew, 2008 WL 4960159, at *1 (citations omitted).

If a plaintiff satisfies the procedural requirements for default judgment and the complaint states a claim for relief, a court may, at its discretion, enter default judgment. See Sream, Inc. v. Kanku Express #21, No. 1:20-cv-00209-DCLC-SKL, 2022 WL 989406, at **1-2 (E.D. Tenn. Mar. 16, 2022). After entering default judgment on liability, the court conducts an inquiry to determine damages. Lackie, 2013 WL 633216, at *2 (citing Coach, Inc. v. Cellular Planet, No. 2:09-cv-00241, 2010 WL 1853424, at *3 (S.D. Ohio May 7, 2010)). Because allegations about damages are not accepted as true, "the party moving for a default judgment must present some evidence of its damages." Mill's Pride, L.P. v. W.D. Miller Enters., LLC, No. 2:07-cv-990, 2010 WL 987167, at * 1 (S.D. Ohio Mar. 12, 2010) (citation omitted). Rule 55(b)(2) permits the court to conduct an evidentiary hearing to determine the amount of damages at its discretion. Fed. R. Civ. P. 55(b)(2). However,"[a] court may reach a reasonable certainty on the correct amount of damages from the record without conducting a hearing." Spring Sols., Inc. v. LaFayette, No. 2:15-cv-2595-SHM-cgc, 2018 WL 3097027,

5

at *5 (W.D. Tenn. June 22, 2018) (citing <u>Vesligaj v. Peterson</u>, 331 F. App'x. 351, 355 (6th Cir. 2009)).

## III. Analysis

### A. Procedural Requirements

Plaintiff has met the procedural requirements for a default judgment against Defendant Farnham Fiber Optics and Defendant Farnham.

Plaintiff properly served Defendants with process. (ECF Nos. 7-8.) Plaintiff also served the instant Motion on Defendants as required by Rule 55(b)(2) given that both Defendants have made an appearance in the case. (ECF No. 51 at 18.) <u>See</u> <u>Simpson v. VSP North America, LLC</u>, No., 1:16-cv-00912, 2019 WL 1239802, at *2 (W.D. Mich. Jan 25, 2019).

Before moving for default judgment, Plaintiff obtained an entry of default against both Defendants, demonstrating that Defendants had "failed to . . . otherwise defend" this action by failing to respond to discovery requests, comply with court orders, and retain counsel for Defendant corporation, Farnham Fiber Optics. (ECF Nos. 48-49.)

Plaintiff has not submitted an affidavit stating that Defendants are not minors, incompetent persons, or in military service. However, that deficiency is not fatal to Plaintiff's motion for default judgment against either Defendant.

"As a business entity, [Farnham Fiber Optics, LLC] is not a minor, incompetent person, or subject to the Soldiers and Sailors Relief Act of 1940." See Tr. of Bricklayers and Masons' Local Union No. 5, Ohio Pension Fund v. United Masonry Construction, Co., LLC, No. 5:22-cv-406, 2022 WL 4119811, at *2 (N.D. Ohio Sept. 9, 2022) (citing Zinganything, 2016 WL 362359, at *2); Sream, 2022 WL 989406, at *2 ("[E]ach of the Defendants is either an incorporated entity or an LLC . . . and therefore none of the Defendants is an infant, incompetent person, or a member of the armed forces.")

Because Defendant Farnham is a natural person, "entry of default against him requires some evidence that [Defendant] is not a minor or incompetent, or otherwise protected from the entry of default judgment against him." See Zinganything, 2016 WL 362359, at *2. Here, based on Defendant Farnham's appearance in this matter and the admitted factual allegations in the Complaint, there is evidence that Defendant, as owner and general manager of Farnham Fiber Optics, is a competent adult. See Harbold, 2023 WL 4085309, at *3 ("[T]here is nothing in the record to support a finding that [Defendant] is incompetent, subject to the Soldiers' and Sailors' Relief Act of 1940, or otherwise incapable of being sued in federal court."); United States v. Owens, No. 13-02984-SHM, 2017 WL 1058391, at *7 n.7 (W.D. Tenn. Mar. 20, 2017) ("There is no evidence that

[Defendant] is a minor or an incompetent person. The Court need not consider that aspect of Rule 55(b)(2)."). Also, because Defendant has appeared in this matter, the SCRA does not apply. See 50 U.S.C. § 3931(a) ("This section applies to any civil action or proceeding . . . in which the defendant does not make an appearance.")

Plaintiff has satisfied the procedural requirements for default judgment against Defendant Farnham Fiber Optics and Defendant Farnham.

**B.    Liability**

Because default has been entered against Defendant Farnham Fiber Optics and Defendant Farnham, Defendants are deemed to have admitted the factual allegations in Plaintiff's Complaint. The admitted allegations are sufficient to satisfy the elements of Plaintiff's claim of an FLSA overtime violation. Harbold, 2023 WL 4085309, at *2 (citation omitted).

The FLSA requires employers who are subject to its provisions to pay non-exempt employees overtime pay at a rate of one and one-half times the employee's regular rate for all hours worked in excess of forty in a work week.[2] 29 U.S.C. § 207(a)(1).

---

[2] "The employer has the burden of proving that an employee satisfies any exemptions under the FLSA [29 U.S.C. § 213], and exemptions under the FLSA are narrowly construed against the employer." Elwell

An entity that "has employees engaged in commerce" and has an annual gross volume of sales of not less than $500,000 is defined as an "enterprise engaged in commerce" and is subject to the FLSA's overtime provisions. 29 U.S.C. § 207(a)(1). Under the FLSA, an "employee" is "any individual employed by an employer" and an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee" 29 U.S.C. §§ 203(d)-(e)(1). The Sixth Circuit employs an "economic reality" test to determine whether an individual is an "employee" and a person or entity is an "employer" within the meaning of the FLSA. See Keller v. Miri Microsystems, LLC, 781 F.3d 799, 807 (6th Cir. 2015) ("'[E]mployees are those who as a matter of economic reality are dependent upon the business to which they render service.'")[3] (quoting Donovan v. Brandel, 736 F.2d 1114, 1116 (6th Cir. 1984)); Becker v. Sam Gildersleeve & Son Plumbing, Inc., No. 1:20-cv-2359, 2021 WL 4348260, at *1 (N.D. Ohio Sept. 24, 2021) (holding that, as a

---

v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 837 (6th Cir. 2002) (citation omitted).

[3] In applying the economic reality test to determine whether an individual is an employee, courts consider six factors: "1) the permanency of the relationship between the parties; 2) the degree of skill required for the rendering of the services; 3) the worker's investment in equipment or materials for the task; 4) the worker's opportunity for profit or loss, depending upon his skill; . . . 5) the degree of the alleged employer's right to control the manner in which the work is performed; and 6) whether the service rendered is an integral part of the alleged employer's business." Keller, 781 F.3d at 807 (citation and internal brackets omitted).

matter of "economic reality," one who "controls significant functions of the business, and determines salaries and makes hiring decisions . . . qualifies as an 'employer' for the purposes of FLSA") (citation omitted).

Here, Plaintiff alleges that Defendants hired him to work as a fiber splicer, responsible for joining together fiber optic cables to expand Farnham Fiber Optics' telecommunications networks into new areas or to replace existing lines. (ECF No. 1 ¶¶ 13, 20, 22.) Plaintiff alleges that, while he was employed by Defendants, from January 2022 to March 2022, he regularly worked in excess of forty (40) hours per week but was always paid the same flat weekly salary regardless of the number of hours he worked. (Id. ¶¶ 20-21, 31-32.)

Plaintiff also alleges that, during the relevant period, Farnham Fiber Optics had employees engaged in commerce and had an annual gross volume of sales in excess of $500,000. (Id. ¶¶ 6-7.) Plaintiff alleges that Farnham Fiber Optics, through its owner, general manager, and/or primary decision maker Defendant Farnham, determined Plaintiff's wages, created Plaintiff's schedules, and approved Plaintiff's hours and days off. (Id. ¶ 17.) Plaintiff alleges that he did not exercise discretion or independent judgment in performing his job duties and that he was required to use equipment owned and supplied by Defendants. (Id. ¶¶ 26, 28.)

Based on the allegations in the Complaint, that the Court accepts as true by virtue of Defendants' default, the Court finds that Defendant Farnham Fiber Optics is, or was in the relevant period, an enterprise engaged in commerce subject to the FLSA's overtime provisions for non-exempt employees. See, e.g., Sanders v. SQU Mahadev, LLC, No. 2:23-cv-2165-SHL-cgc, 2024 WL 3554883, at *2 (W.D. Tenn. July 26, 2024). The Court also finds that Plaintiff was a non-exempt employee of Defendants and that Defendants failed to pay Plaintiff overtime pay. (ECF No. 1 ¶¶ 22-27.) The allegations in Plaintiff's Complaint are sufficient to establish Defendants' liability for an overtime violation of the FLSA.[4]

Because Plaintiff has stated a valid cause of action under the FLSA, the Court GRANTS Plaintiff's Motion for Default Judgment against Defendant Farnham Fiber Optics and Defendant Farnham.

## C.   Damages

Plaintiff seeks to recover unpaid wages and liquidated damages on his FLSA claim for unpaid overtime. Under the FLSA,

---

[4] Plaintiff sues both Defendants as joint employers for the same FLSA overtime claim. Under the FLSA, liability between multiple employers is joint and several. See, e.g., Fegley v. Higgins, 19 F.3d 1126, 1131 (6th Cir. 1994) ("'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'") (quoting Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991)).

an employer "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff cannot rely on the allegations in his Complaint to establish damages, but must provide evidence. Mill's Pride, 2010 WL 987167, at * 1. In support of his claim for damages, Plaintiff provides two sworn declarations: his own and that of Plaintiff's counsel, Gordon Van Remmen. (ECF Nos. 51-1, 51-2.)

### 1.    Unpaid Wages

Plaintiff seeks to recover $5,500 in unpaid overtime wages. In his Declaration, Plaintiff attests that in the twenty-two (22) weeks he was employed by Defendant, between January 2022 and May 2022, he worked an average of 50 hours per week. (ECF No. 51-2 at 3.)  Plaintiff attests that he was paid a flat weekly salary of $2,500 regardless of hours worked, for a realized regular rate of $50.00 per hour and an overtime rate of $75.00 per hour.[5] (Id. at 3.)  Plaintiff further attests that he was only paid his regular rate of $50.00 per hour for ten (10) hours per week for twenty-two (22) weeks. (Id. at 3-4.) Plaintiff's counsel computes that Plaintiff suffered wage

---

[5] The realized regular rate is calculated by dividing the weekly salary, here $2,500, by the hours worked per week, here 50 hours.

12

damages of $250.00 per week in unpaid overtime wages for twenty-two (22) weeks for a total of $5,500 in unpaid wages. (ECF No. 51-1 at 2.)

Plaintiff provides no other evidence to substantiate his hours worked and rate of pay, but he need not, and, in this instance, could not. "The most common method of proof of undercompensation is discovery and analysis of the employer's records." Keller, 781 F.3d at 816 (citation omitted); see Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) ("[I]t is the employer who has the duty under § 11(c) of the [FLSA] to keep proper records of wages [and] hours[.]"). Where employer records are inadequate or not forthcoming, a plaintiff's testimony is sufficient to establish FLSA damages. See Long, 451 F. Supp. 3d at 833–34 (plaintiffs' declarations and damage calculations sufficient to determine amount of damages for unpaid wages in default judgment); D.W. by Brown v. Bay Water, LLC, No. 1:24-cv-82-TAV-CHS, 2025 WL 1713561, at **2-3 (E.D. Tenn. June 18, 2025) (plaintiff's declaration attesting to hours worked and rate of pay sufficient to establish damages for unpaid wages in default judgment).

Here, Defendants have not cooperated with discovery seeking production of wage records. (ECF No. 41.) Absent those records, Plaintiff's declaration is sufficient to establish his entitlement to overtime compensation in the amount of $5,500

13

without an evidentiary hearing. See Hames, 2019 WL 4248892, at

*3 ("A sworn, uncontested affidavit may serve as sufficient

evidence of damages for default judgment.") (citation omitted).

Plaintiff is entitled to $5,500 in unpaid overtime wages.

### 2.    Liquidated Damages

Plaintiff also seeks liquidated damages in the amount of

$5,500, an amount equal to his claim for unpaid overtime

compensation. Unless an employer demonstrates "to the

satisfaction of the court" that the act or omission resulting

in the FLSA violation was in good faith, a court "has no power

or discretion to reduce an employer's liability for the

equivalent of double unpaid wages" in liquidated damages.

Harbold, 2023 WL 4085309, at *4 (quoting Elwell, 276 F.3d at

840). The burden on the employer to demonstrate good faith "is

substantial." Elwell, 276 F.3d at 840.

Here, Defendants have merely asserted as one of the many

boilerplate affirmative defenses in their Answer to the

Complaint[6] that they "acted in good faith in the operation of

its business and had reasonable grounds to believe it did not

---

[6] For example, among affirmative defenses asserted in Defendants'
Answer is a statute of limitations defense that does not apply to
this case. (ECF No. 24 at 12.) The FLSA requires that claims for
unpaid overtime be filed within two years from the date the
violation occurred. 29 U.S.C. § 255(a). Plaintiff alleges that he
was not paid for overtime during the period of January 2022 to March
2022. (ECF No. 1 at 1.) Plaintiff filed his Complaint for this
overtime violation on July 1, 2022, well within the statutory
period. (ECF No. 1.)

14

violate the FLSA in such operations." (ECF No. 24 at 13.) That blanket assertion is insufficient to carry Defendants' substantial burden of demonstrating they acted in good faith. See Dole, 942 F.2d at 968 ("The only proof of good faith and reasonableness offered by defendants is the bare assertion in [an] affidavit that at all times they have 'acted in good faith in an effort to comply with the Act.'") Plaintiff is entitled to $5,500 in liquidated damages, equal to the amount of unpaid overtime he is owed under the FLSA.

### D.    Attorney's Fees and Costs

Plaintiff also seeks an award of attorney's fees and costs. The FLSA provides that "[t]he court . . . shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "As the Sixth Circuit has noted, the award of a reasonable attorney's fee to a prevailing plaintiff is mandatory under the Act." Jackson v. True Install, LLC, No. 1:20-cv-02256-STA-jay, 2021 WL 6751886, at *2 (W.D. Tenn. June 1, 2021) (citing Rembert v. A Plus Home Health Care Agency, LLC, 986 F.3d 613, 616 (6th Cir. 2021)).

To determine reasonable attorney's fees, a court calculates "the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney,

15

multiplied by [the] court-ascertained reasonable hourly rate."[7] Hubbell v. FedEx SmartPost, Inc., 933 F.3d 558, 575 (6th Cir. 2019) (quoting Waldo v. Consumers Energy Co., 726 F.3d 802, 821 (6th Cir. 2013)).

The party seeking attorney's fees bears the burden of substantiating the hours worked and the rates sought. See Ne. Ohio Coal. for the Homeless v. Husted, 831 F.3d 686, 702 (6th Cir. 2016). "In this district, the Local Rules require parties to submit an affidavit or declaration of counsel detailing the number of hours spent on each aspect of the case and an affidavit or declaration from another attorney in the community, who is not otherwise involved in the case, setting out the prevailing rate in the community for similar services." Mid-America Apartment Cmty.'s v. Philipson, No. 2:23-cv-02186-SHL-cgc, 2024 WL 4654452, at *3 (W.D. Tenn. Nov. 1, 2024) (citing Local Rule 54.1(b)(1)-(2)).

To support his request for attorney's fees and costs, Plaintiff provides the declaration of his counsel, Gordon Van Remmen, and contemporaneous billable time records detailing the number of hours spent on the case by the two attorneys on the

---

[7] A court may enhance or decrease the lodestar amount based on the factors in Johnson v. Georgia Highway Express in "rare" and "exceptional" circumstances. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 543 (2010); Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

case, Van Remmen and Andrew Lampros. (ECF No. 51-1.) According to Van Remmen's Declaration, Plaintiff seeks a lodestar figure of $30,330.00. (Id. at 4.) That figure is based on an hourly rate of $525 for Andrew Lampros for 5.2 hours, and $400 an hour for Gordon Van Remmen for sixty-nine (69) hours. (Id. at 6, 9, 11.) Van Remmen attests that the hourly rates charged are "consistent with the rates in the local market." (Id. at 6.) Van Remmen further attests that his firm incurred $651.00 in litigation expenses. (Id. at 4.) Plaintiff requests a total award of $30,981 for attorney's fees and costs.

Plaintiff's fee request is reasonable. On review of the billing records of Plaintiff's counsel, the Court finds that the hours spent on each aspect of the case were reasonable. See Rembert, 986 F.3d at 618.

The rates sought are also reasonable. Although Plaintiff has not provided the affidavit of another attorney in the community attesting to the prevailing rate in the community for similar services, a second affidavit is not required in this instance. See Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 496, 499 (6th Cir. 2011) (citation omitted) ("When determining a reasonable hourly rate . . . [a] district court may rely on . . . awards in analogous cases . . . and its own knowledge and experience in handling similar fee requests.") The Court is familiar with the prevailing hourly rates in this

district from other cases before this Court and other District Judges in the Western District of Tennessee. See Pristex Med., LLC v. Luxurypak Prods., LLC, No. 2:21-cv-2140-MSN-cgc, 2025 WL 390551, at *2 (W.D. Tenn. Dec. 31, 2025). Based on other awards and the Court's own knowledge and experience handling similar fee requests, the Court finds that the stated hourly rates of $525 for Lampros and $400 for Van Remmen are reasonable. See, e.g., Mosby v. Reaves Law Firm, PLLC, No. 2:23-cv-02009-SHM-tmp, 2025 WL 2988466 (W.D. Tenn. Oct. 23, 2025) ($500); Pristex, 2025 WL 390551, at *2 ($450); Harper v. Shelby Cnty, No. 2:21-cv-2300-MSN-tmp, ECF No. 85 (W.D. Tenn. July 1, 2025) ($400); Edwards v. Shelby Cnty., No. No. 22-cv-2682-TMP, 2026 WL 823308, at *5 (W.D. Tenn. Mar. 25, 2026) ("[T]his court has approved hourly rates ranging from $300 to $500 per hour in employment cases" brought under the FLSA.).

## IV.  Conclusion

The Court GRANTS Plaintiff's Motion for Default Judgment. The Court AWARDS Plaintiff $11,000 in unpaid overtime compensation and liquidated damages and $30,981 for attorney's fees and costs.


SO ORDERED this ___6th___ day of August, 2026.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE